**Gary WILLIS, Plaintiff–Appellee,**

v.

**Diane MORA, Defendant–Appellant.**

**No. 07–16994.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Feb. 24, 2009.

---

1. Koth has not challenged the search of the laptop computer.

Marion R. Yagman, Esquire, Yagman & Yagman & Reichmann, Stephen Yagman, Venice, CA, for Plaintiff–Appellee.

James Flynn, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendant–Appellant.

Before: PREGERSON and HAWKINS, Circuit Judges, and CUDAHY *, Senior Circuit Judge.

### MEMORANDUM **

California Parole Agent Diane Mora appeals the district court's denial of her motion for summary judgment based on qualified immunity. Agent Mora contends that the officers' initial entry into Plaintiff Gary Willis's hotel room was protected by qualified immunity, because Agent Mora's mistake that Willis was on parole was reasonable as a matter of law. The remainder of the facts of this case are well known to the parties and will not be repeated here.

We find that the district court did not err in denying Mora's motion for summary judgment, because questions of fact exist as to whether Mora's mistake that Willis was on parole was reasonable. *See Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (finding that qualified immunity will attach if "the officer's mistake as to what the law requires is reasonable"). No prior case in our circuit compels a contrary finding.

The officers in *Motley v. Parks*, 432 F.3d 1072 (9th Cir.2005), were much more thorough than Agent Mora in confirming mistaken information regarding a parolee by consulting accessible resources. In *Motley*, to confirm the address of a parolee, one officer compiled the parolee's information through police records while another officer actually contacted the parolee at the address, obtained direct confirmation from the parolee and his grandmother that the parolee lived at the location at issue, and had personal knowledge that the parolee was on parole. *Id.* at 1080–81. Agent Mora merely glanced at an outdated parole status list, but did nothing further to confirm that Willis was indeed on parole. Furthermore, no urgency existed in Agent Mora's situation to excuse her failure to confirm Willis's parole status. Thus, questions of fact exist as to whether Agent Mora's actions were reasonable in accordance with Ninth Circuit case law.

Under the facts and circumstances of this case, the district court did not err in denying Mora's motion for summary judgment.

AFFIRMED.

---

\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.